UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MARK COBURN,                        )
       Plaintiff,                   )
                                    )   **CIVIL ACTION**
       v.                           )   **No. 25-11161-IT**
                                    )
UNITED STATES OF AMERICA,           )
       Defendant.                   )
_____)

<u>MEMORANDUM AND ORDER</u>
July 2, 2025

For the reasons set forth below, this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction and pursuant to the court's inherent authority because the claims lack any plausible basis in law.

**<u>Background</u>**

On April 28, 2025, Mark Coburn, a resident of Winchester, New Hampshire, initiated this action against the United States by filing a <u>Complaint</u> [Doc. No. 1] accompanied by an <u>Application to Proceed in District Court without Prepaying Fees or Costs</u> [#2]. On May 30, 2025, Coburn filed an <u>Addendum</u> [#4] and a <u>Motion to Appoint Counsel</u> [#5]. On June 20, 2025, Coburn filed an <u>Amended Complaint</u> [#6].

Coburn states that he holds "sincere religious beliefs regarding the biblical identity of the United States as the modern-day tribe of Manasseh and its status as a covenant land." *See* Am. Compl. at p. 1. Coburn claims his rights to equal protection and religious freedom have been violated because the polices and laws of the United States fail "to recognize and accommodate the religious and tribal rights of biblically indigenous claimants (such as Plaintiff), while according such recognition to American Indian tribes and Jews under the Law of Return." *Id.* at

p. 2. Coburn seeks "judicial review and amendment to U.S. dual citizenship to provide equal recognition and accommodation for biblically-based indigenous claims, consistent with the treatment afforded to American Indian tribal sovereignty and Israel's Law of Return for return to America." *Id.*

## Screening of the Complaint

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law or the court has diversity jurisdiction over the matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). "The existence of subject-matter jurisdiction 'is never presumed,'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." *Esquilín-Mendoza v. Don King Prods., Inc.,* 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust*

*Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." *Viqueira*, 140 F.3d at 16. The court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." *Donahue v. Boston*, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). A "plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (internal quotation marks and citation omitted). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Issues of subject matter jurisdiction 'can be raised *sua sponte* at any time' because they relate to the fundamental Article III limitations on federal courts." *Plourde v. Maine*, 1:20-cv-00149-LEW, 2020 WL 2600972, at *1 (D. Me. May 21, 2020) (citing *McBee v. Delica Co.*, 417 F.3d

*Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." *Viqueira*, 140 F.3d at 16. The court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." *Donahue v. Boston*, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). A "plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (internal quotation marks and citation omitted). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Issues of subject matter jurisdiction 'can be raised *sua sponte* at any time' because they relate to the fundamental Article III limitations on federal courts." *Plourde v. Maine*, 1:20-cv-00149-LEW, 2020 WL 2600972, at *1 (D. Me. May 21, 2020) (citing *McBee v. Delica Co.*, 417 F.3d

107, 127 (1st Cir. 2005)). "A court may also dismiss a case on its own motion for failure to state a claim upon which relief may be granted. *Carlsen v. Carlsen*, Civil Action No. 11-11119, 2011 WL 2632260, at * (D. Mass. July 1, 2011) (citing *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (unpublished)).

## **Discussion**

Although Coburn is representing himself and the complaint is understandable, it is readily apparent that the court is without jurisdiction over the claims asserted and that Coburn seeks relief beyond the scope of the court's authority. This court's original jurisdiction extends to cases that "arise under" federal law, but the plaintiff in such a case must also identify some statute creating a federal cause of action. *Int'l Union of Operating Eng'rs v. Ward*, 563 F.3d 276, 281 (7th Cir.2009) ("[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in [28 U.S.C. § 1331], without a federal cause of action, is not enough."). Additionally, "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted).

Here, Coburn's claims are not amenable to judicial resolution. To the extent that Coburn seeks amendment of the laws of dual citizenship as well as recognition of his religiously based land claim, this court has no authority to grant such relief. Just as this federal court is without the authority to recognize American Indian tribes that do not meet criteria for federal recognition set by other branches of government, this court cannot grant Coburn the relief he seeks. *See e.g. Miami Nation of Indians v. United States Dep't of Interior*, 255 F.3d 342, 345–46 (7th Cir. 2001)

(the criteria for federal recognition are set forth in regulations promulgated by the executive branch of government under powers delegated it by Congress). Federal recognition "lies at the heart of the doctrine of 'political questions.'" *Id.* at 347.

In light of the nature of Plaintiff's claims, amendment would be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23, (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amendment would be futile).

### Order

Accordingly, it is hereby ORDERED that this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction and pursuant to the court's inherent authority because the claims lack any plausible basis in law. The Application to Proceed Without Prepayment of Fees [#2] and Motion to Appoint Counsel [#5] are denied ] as moot. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

July 2, 2025                                         /s/ Indira Talwani
                                                    UNITED STATES DISTRICT JUDGE